# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELSO VILLAGOMEZ, | Case No. 1:15-cv-00550 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| J. BIOL, et al., | |
| Defendants. | |

Plaintiff Celso Villagomez ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 10, 2015.[1] He names as Defendants: J. Biol, M.D.; S. Robinson, R.N.; T. Angara, R.N.; Correctional Officers Saldivar, Carrion, and Morales.

## A. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on May 1, 2015.

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Avenal State Prison ("ASP") where the events giving rise to this action took place.

Plaintiff alleges the following.  On August 31, 2014, Plaintiff was running on the exercise yard track of Facility "D" Recreation Yard when he stepped into a pothole.  He experienced immediate and intense pain in his left foot.  Plaintiff was assisted to his housing unit by other inmates.  During the night, Plaintiff repeatedly woke up due to intense discomfort and pain.  The

2

following morning, Plaintiff discovered his left foot was severely swollen and blue-colored. He subsequently went to Facility "D" Medical Clinic for assessment.

Plaintiff was initially seen by Defendant R.N. Robinson. Plaintiff explained he thought his foot might be broken and requested X-rays be taken. Robinson examined Plaintiff's foot and recorded swelling and mild bruising. Plaintiff's ankle and whole foot were swollen and blue/black in color. Robinson declined to refer Plaintiff to a doctor. Robinson diagnosed the injury as a left ankle sprain. Robinson issued a comprehensive accommodation chrono which included a prescription for crutches and "lay-in" for two days. Robinson advised Plaintiff to keep his foot elevated and to apply ice three times per day. Robinson scheduled Plaintiff for a follow-up visit in two days. Dr. J. Biol signed the CDCR-7506 form confirming treatment without physically examining and evaluating the injury in person. Plaintiff requested ice from the Facility "D" yard clinic per Robinson's instructions but he was denied the ice.

At that time, Plaintiff was assigned to the upper tier, lower bunk in Housing Unit D430. Plaintiff produced the comprehensive accommodation chrono as well as the health care lay-in order to Correctional Officers Saldivar and Carrion who were floor officers. The officers refused to move Plaintiff to the lower tier and created a very unsafe situation.

After approximately two months Plaintiff was still in intense pain, and after numerous requests for attention, Plaintiff submitted a health care services request form (CDC 7362) on October 14, 2014, explaining that he was of the opinion that his foot was fractured and healing wrong. He again requested X-rays.

On October 15, 2014, Plaintiff filed a Patient-Inmate Healthcare Appeal (CDCR 602 HC) and again explained that he injured his left foot and requested X-rays and proper medical care. On that same date, however, his medical request was honored and he was seen by R.N. Angara. Defendant Angara determined his request was not an emergency, but P.A. Siegrist scheduled an appointment for X-rays.

On October 17, 2014, Plaintiff was informed by Siegrist that the X-rays revealed that Plaintiff had suffered a "midfoot injury with Lisfranc fracture/subluxation." Plaintiff complains that the X-rays revealed the injury 47 days after the injury occurred. He states he had to walk for 45 days

3

without crutches prior to the injury being properly diagnosed.  Plaintiff claims Defendants Robinson, Angara, and Biol acted with pure negligence when they failed to exercise the standard of care a reasonably prudent person would have exercised in a similar situation.  He claims the actions constituted cruel and unusual punishment tantamount to torture.  He claims he suffered for almost two months because Defendants Robinson and Angara failed to schedule him for an X-ray as he'd requested.

On October 20, 2014, Plaintiff filed another healthcare request explaining that the prescribed ibuprofen was hurting his stomach and not adequate to alleviate the pain.  His request was ignored.

On October 24, 2014, Plaintiff was issued another chrono reflecting that he was to be placed on the bottom tier on a lower bunk.  Plaintiff produced the chrono to Morales who refused to move Plaintiff from the upper tier.  This refusal required Plaintiff to ascend and descend fifteen stairs several times per day on crutches, which created a very unsafe situation.  Defendants Saldivar, Carrion and Morales knew Plaintiff was on crutches and still refused to move him to a lower tier.  Plaintiff claims Defendants subjected him to an unreasonable risk of harm.  Plaintiff claims their actions were negligent and reckless.  Plaintiff claims that while their actions did not cause physical injury, Defendants intentionally and negligently inflicted emotional distress by subjecting Plaintiff to emotions of anguish, grief, fright, and fury.

Plaintiff requests compensatory and punitive damages in the amount of $1,000,000.00.  He further requests costs for any operations, treatment, therapy or medical costs that may arise from the injury.

**C.    DISCUSSION**

   1.    Eighth Amendment – Deliberate Indifference to Medical Need

   *a.    Legal Standard*

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted).  The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further

4

significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted). Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

    *b.*    *Findings*

Here, Plaintiff states he suffered a midfoot injury with Lisfranc fracture/subluxation to his left foot. The Court accepts that Plaintiff's alleged injury constituted a serious medical need.

Plaintiff alleges that Defendant Robinson misdiagnosed his foot injury and refused to order X-rays. He also alleges that Defendant Robinson treated his injured foot without consulting a doctor. Plaintiff fails to present a cognizable Eighth Amendment claim against Defendant Robinson. Plaintiff's allegations demonstrate that Robinson treated Plaintiff, prescribed medication and crutches, provided Plaintiff a comprehensive accommodation chrono, instructed Plaintiff on the care of his injury, and scheduled Plaintiff for a follow-up visit. Plaintiff fails to allege facts sufficient to show that Defendant knew of and disregarded a substantial risk of harm to Plaintiff's objectively serious medical needs. Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994). Plaintiff claims Defendant denied his request for X-rays, but "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012). Plaintiff claims Robinson misdiagnosed his foot injury, but to prevail, plaintiff

5

"must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted); accord Snow, 681 F.3d at 987-88. At most, Plaintiff's allegations against Robinson amount to negligence, and negligence does not amount to deliberate indifference. Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Snow, 681 F.3d at 987-88. As to Plaintiff's claim that Defendant failed to consult with a doctor, Defendant is a registered nurse trained to provide medical care and Plaintiff offers no facts in support of his allegation that Defendant was required to consult with a doctor during treatment.

Plaintiff alleges that Defendant Biol signed the CDCR form 7506 without evaluating Plaintiff first. Plaintiff claims this constitutes inadequate care. Plaintiff directs the Court's attention to Exhibit B, pg. 4, which is a form confirming the Physician's Order and Medication. The form is essentially the treatment plan recommended by Defendant Robinson, showing a prescription for crutches, a "lay-in" for two days, ace wrap bandage, instructions for icing the injury and the follow-up visit on September 3, 2014. There is no indication on the form that Defendant Biol purported to have conducted an evaluation of Plaintiff's injury, or that he was required to do so prior to signing the form. The form appears to represent only a review by the doctor of the nurse's treatment plan and prescriptions ordered. There are simply no facts supporting a claim of deliberate indifference to serious medical needs by Defendant Biol.

Plaintiff claims Defendant Angara acted with pure negligence concerning the treatment of his ankle by failing to schedule an X-ray as Plaintiff had requested. Again, Plaintiff's facts do not support the allegation. According to Plaintiff's allegations, he was immediately seen by Angara when he turned in a health care request. Although Angara initially denied his request for X-rays, P.A. Siegrist scheduled Plaintiff for X-rays that same day. While Angara may have been negligent in denying an X-ray, negligence does not constitute deliberate indifference, Snow, 681 F.3d at 987-88, and in any case, X-rays were ordered that very day by Siegrist.

///

///

6

2. <u>Eighth Amendment – Conditions of Confinement</u>

*a.   Legal Standard*

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. <u>Morgan</u>, 465 F.3d at 1045 (citing <u>Rhodes</u>, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. <u>Morgan</u>, 465 F.3d at 1045 (quotation marks and citations omitted); <u>Hope v. Pelzer</u>, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); <u>Rhodes</u>, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150-51 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

*b.   Findings*

Plaintiff claims the actions of Defendants Saldivar, Carrion, and Morales in refusing to move Plaintiff from the upper tier to the lower tier constituted cruel and unusual punishment. Plaintiff complains that he was required to climb or descend fifteen stairs throughout the day, and this constituted a risk to his safety.

Plaintiff's allegations do not present a claim of cruel and unusual punishment in violation of

the Eighth Amendment. Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The fact that Plaintiff feared for his safety because he was caused to climb and descend a flight of stairs on occasion simply does not constitute an extreme deprivation of the minimal civilized measure of life's necessities.

   3.   State Law Claims

The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). In this case, Plaintiff fails to present a cognizable federal claim. Therefore, the Court is without supplemental jurisdiction over his state law claims.

In addition, Plaintiff fails to allege compliance with the Government Claims Act, which requires that a tort claim for damages against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("the Board") no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 910, 911.2, 950.2, 950.6. Presentation of a written claim and action on or rejection of the claim by the Board are conditions precedent to suit. Cal. Gov't Code §§ 945.4, 950.6; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239, 90 P.3d 116, 13 Cal.Rptr.3d 534 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

Therefore, the Court is without jurisdiction to entertain Plaintiff's state tort law claims which are described below.

   a.   *Intentional Infliction of Emotional Distress*

Under California law, the elements of intentional infliction of emotional distress ("IIED") are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

8

disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle v. United States, 567 F.3d 554, 855 (9th Cir. 2007); Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622. In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff, of whom Defendant was aware. Simo, 322 F.3d at 622.

In this case, Plaintiff fails to state a cognizable claim of IIED. Defendants' Saldivar, Carrion and Morales decision not to move Plaintiff to a lower tier does not present as conduct which can be considered extreme or outrageous. Severe emotional distress is that which is of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it. Id. In addition, Plaintiff fails to allege that Defendants acted with the intent, or reckless disregard, of causing emotional distress. He further fails to allege severe or extreme emotional distress or how Defendants' conduct actually caused severe emotional distress.

      *b.*   *Negligence – Medical Malpractice*

"To establish a medical malpractice claim, the plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach - proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B. E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir. 1988) (internal citations omitted). As noted above, the Court is without jurisdiction to entertain Plaintiff's negligence claim.

### c. *Negligent Infliction of Emotional Distress*

The negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation and damages apply. Wong v. Tai Jin, 117 Cal.Rptr.3d 747, 767 (Cal. Ct. App. 2010) (quotation marks omitted); Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (Cal. 1993); Burgess v. Superior Court, 2 Cal.4th 1064, 1072 (Cal. 1992). Where there is no personal, physical injury, the emotional distress must have been serious, which is the functional equivalent to severe emotional distress. Schwarz v. Lassen County ex rel. Lassen County Jail (Detention Facility), No. 2:10-cv-03048-MCE-GGH, 2011 WL 3319626, at *9 (E.D.Cal. Aug. 1, 2011) (quotation marks omitted) (citing Wong, 117 Cal.Rptr.3d at 768). As stated above, Plaintiff's allegations do not constitute a claim of severe emotional distress.

## D. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 24, 2016**    /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE